UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P102-M

**CECIL TURNER**      **PLAINTIFF**

**v.**

**JASON WOOLSEY** *et al*      **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Cecil Turner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the complaint fails to state a claim upon which relief may be granted, the court will dismiss the action.

### I. SUMMARY OF CLAIMS AND FACTUAL ALLEGATIONS[1]

The plaintiff is a state inmate currently confined at the Kentucky State Reformatory but initiated this civil rights action due to events that occurred while he was incarcerated at the Grayson County Detention Center ("Detention Center"). To this end, he brought individual and official capacity claims against Major Jason Woolsey, an officer with the Detention Center; Joey Stanton, Grayson County Jailer; and John Rees, Commissioner for the Kentucky Department of Corrections. He seeks money damages.

The plaintiff brought this complaint after he was attacked by a federal inmate housed at the Detention Center. The plaintiff alleges that due to overcrowding, he was housed with federal, INS, and state inmates. On July 7, 2004, he alleges that a federal inmate attacked him. Though

---

[1] The plaintiff filed an amended complaint (DN 5), but this court may not consider it when screening his original complaint because "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).

he pushed a "panic button," he claims that no jail official responded to his call for approximately 15-20 minutes. As a result of the attack, he sustained a broken finger, which required surgery. He was transferred to Kentucky State Reformatory where he has received the necessary medical treatment for his injuries.

The plaintiff initiated a grievance at the institution but received no answer. He appealed the decision to a higher official but at the time of filing the complaint he had not received a response. He did, however, submit letters to two state officers: Director White and Commissioner Rees.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

Before an inmate may bring a civil action in federal court against governmental officials, he must exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e. From a review of the plaintiff's complaint, it appears that he failed to satisfy the exhaustion requirement because he did not establish that he filed a grievance with respect to each defendant named and each claim that he seeks to assert here in his federal case. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Notwithstanding his failure to establish complete exhaustion of his remedies, this court has the authority to dismiss a case on its merits notwithstanding the inmate's failure to comply with the exhaustion requirement. *See* §1997e(c).

To hold each defendant individually accountable in a civil action, a plaintiff must provide adequate detail to support his claims, such as specific incidents of a deprivation of his rights and how each defendant was involved. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). A plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a

governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hospital,* 286 F.3d 834 (6th Cir. 2002).

While the plaintiff describes the situation that gave rise to his complaint, he failed to set forth how these particular defendants caused his constitutional injury.  In fact, he does not mention any defendant by name when he sets forth the factual support for his civil rights action.  Because he failed to give them fair notice of his claims against them and the grounds upon which they rest, the court concludes that he failed to set forth cognizable claims against them.

As for the plaintiff's official capacity claims, such are treated as claims against the governmental entity for whom the officials work.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In this case, those entities are the Commonwealth of Kentucky and Grayson County.  The claims against the Commonwealth are barred by the Eleventh Amendment.[2]  *See also Barton v. Summers,* 293 F.3d 944, 948 (6th Cir. 2002) (recognizing that the Eleventh Amendment forecloses a suit against a state by one of its own citizens).  And, the claims against Grayson County must be dismissed because the plaintiff failed to establish a direct causal link between a municipal policy or custom and the alleged constitutional deprivation he sustained.  *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

---

[2]The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI.

For the reasons set forth above, the court will dismiss the complaint and will enter an order that is consistent with this memorandum opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     4414.002